```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
---------------------------------:

UNITED STATES OF AMERICA,        : Case No.:23-cr-0347

                Plaintiff,       :

     -against-                   :

ALEXANDER MASHINSKY,             : New York, New York

                Defendant.       : July 13, 2023

---------------------------------:



             TRANSCRIPT AND STATUS CONFERENCE HEARING

                BEFORE THE HONORABLE ONA T. WANG

                  UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For Plaintiff:         UNITED STATES ATTORNEY'S OFFICE
                       SOUTHERN DISTRICT OF NEW YORK
                       BY:  NOAH SOLOWIEJCZYK, AUSA
                            ALLISON NICHOLS, AUSA
                       One St. Andrew's Plaza
                       New York, New York 10007


For Defendant:         YANKWITT LLP
                       BY:  Benjamin R. Allee, Esq.
                            Cassandra Vogel, Esq.
                       140 Grand Street - Suite 705
                       White Plains, New York 10601




Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

     AMM TRANSCRIPTION SERVICE - 631.334.1445
```

 1            THE DEPUTY CLERK:  This is 22-cr-347; The
 2   United States versus Alexander Mashinsky before the
 3   Honorable Ona T. Wang.
 4            Please state your appearances for the
 5   record.
 6            MR. SOLOWIEJCZYK:  Good afternoon,
 7   Your Honor.  Noah Solowiejczyk on behalf of the
 8   government.  I'm joined by AUSA Allison Nichols.
 9            THE COURT:  Good afternoon.
10            MR. ALLEE:  Good afternoon, Your Honor.
11   Benjamin Allee and Cassandra Vogel; Yankwitt LLP for
12   the defendant, Alex Mashinsky, who is seated to my
13   right.
14            THE COURT:  Good afternoon.
15            Good afternoon, Mr. Mashinsky.
16            THE DEFENDANT:  Good afternoon.
17            THE COURT:  All right.  Mr. Mashinsky,
18   are you able to speak and understand English?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Okay.  You don't need to
21   stand up.  You can stay seated.
22            THE DEFENDANT:  Okay.
23            MR. ALLEE:  Thank you, Your Honor.
24            THE COURT:  All right.  Can I have the
25   date time of arrest, please.

```
 1                MR. SOLOWIEJCZYK:  Your Honor, the
 2   defendant was arrested this morning at approximately
 3   6:30 a.m.
 4                THE COURT:  All right.  I am Judge Wang.
 5   You are here because you are charged with certain
 6   crimes by an indictment.  Do you have a copy of the
 7   indictment, Mr. Mashinsky?
 8                THE DEFENDANT:  Yes.
 9                THE COURT:  The purpose of today's
10   proceeding is to advise you of certain rights that
11   you have, inform you of the charges against you,
12   consider whether counsel need be appointed for you,
13   and decide under what conditions, if any, you shall
14   be released pending trial.
15                I'm now going to explain certain
16   constitutional rights that you have.  You have the
17   right to remain silent.  You are not required to
18   make any statements.  Even if you have already made
19   statements to the authorities, you do not need to
20   make any further statements.  Any statements that
21   you do make can be used against you.
22                You have the right to be released,
23   whether conditionally -- either conditionally or
24   unconditionally, pending trial, unless I find that
25   there are no conditions that would reasonably assure
```

1    your presence at future court appearances and the
2    safety of the community.
3               If you are not a United States citizen,
4    you have the right to request that a government
5    attorney or a law enforcement official notify a
6    consular officer from your country of origin that
7    you have been arrested.  In some cases, a treaty or
8    other agreement may require the United States
9    government to give that notice, whether you request
10   it or not.
11              You have the right to be represented by
12   an attorney during all court proceedings, including
13   this one, and during all questioning by the
14   authorities.  You have the right to hire your own
15   attorney.  If you cannot afford an attorney, I can
16   appoint one today to represent you.
17              Do you understand your rights as I have
18   just explained them?
19              THE DEFENDANT:  Yes, I do.
20              THE COURT:  All right.  I understand that
21   your retained counsel is here today and you're not
22   seeking appointment of counsel at this time.
23              And I understand, Mr. Solowiejczyk, we're
24   here for arraignment as well; is that right?
25              MR. SOLOWIEJCZYK:  Yes.  Judge Koeltl has

1  referred this matter for both presentment and
2  arraignment.
3              THE COURT:  All right.
4              All right, Mr. Mashinsky, a grand jury of
5  the Southern District of New York has returned an
6  indictment against you, charging you with certain
7  offenses, and they are as follows.
8              It is a seven-count indictment.  Count 1
9  is a securities fraud count.  Count 2 is commodities
10 fraud.  Count 3 charges you with wire fraud.
11 Count 4 charges you with conspiracy to manipulate
12 the price of CEL.  Count 5 charges you with a
13 fraudulent scheme to manipulate the price of CEL.
14 Count 6 charges a market manipulation of the CEL
15 token.  And Count 7 charges wire fraud.
16             Counsel, have you received a copy of the
17 indictment?
18             MR. ALLEE:  Yes, Your Honor, we received
19 a copy of the indictment.  We waive a public
20 reading.  We enter a plea of not guilty on all
21 charges on Mr. Mashinsky's behalf.
22             THE COURT:  All right.  And have you
23 reviewed the indictment with your client?
24             MR. ALLEE:  Yes, Your Honor.  We have had
25 sufficient time to review it with our client, and we

1  have done so.
2           THE COURT:  All right.  And,
3  Mr. Mashinsky, do you understand the charges that
4  you face?
5           THE DEFENDANT:  Yes, I do.
6           THE COURT:  And I understand that you
7  wish to enter a plea of not guilty; is that right?
8           THE DEFENDANT:  That's correct.
9           THE COURT:  All right.  Pursuant to 5 --
10 Federal Rule of Criminal Procedure 5(f), I remind
11 the government of its obligations under *Brady v.*
12 *Maryland* and its progeny to disclose to the defense
13 all information, whether admissible or not, that is
14 favorable to the defendant, material either to guilt
15 or to punishment, and known to the government.  The
16 government must make good-faith efforts to disclose
17 such information to the defense as soon as
18 reasonably possible after its existence becomes
19 known to the government.
20          As part of these obligations, the
21 government must disclose information that can be
22 used to impeach the trial testimony of a government
23 witness within the meaning of *Giglio v. United*
24 *States* and its progeny, and must do so sufficiently
25 in advance of trial in order for the defendant to

1     make effective use of it at trial.
2              I remind you that these obligations are
3     continuing and that they apply to information
4     whether or not you credit it.  Possible consequences
5     for non-compliance may include dismissal of
6     individual charges or of the entire case, exclusion
7     of evidence, and professional discipline or court
8     sanctions on the attorneys responsible.
9              I will be entering a written order more
10    fully describing this obligation and the possible
11    consequences of failing to meet it, and I direct the
12    prosecution to review and comply with the order.
13             Does the prosecution confirm that it
14    understands its obligations and will fulfill them?
15             MR. SOLOWIEJCZYK:  Yes, Your Honor.
16             THE COURT:  All right.  Also, a plea of
17    not guilty will be entered.  The record should
18    reflect that the defendant is now arraigned.
19             I'll hear next from the government as to
20    bail, detention or release.  I understand there may
21    be an agreement regarding release pending trial.
22             MR. SOLOWIEJCZYK:  Yes, Your Honor.
23    We've had a chance to discuss with defense counsel
24    and review the Pretrial Services report, and we have
25    a joint proposal for bail for Your Honor's

1  consideration.
2           THE COURT:  All right.  Why don't you go
3  over it with me.
4           MR. SOLOWIEJCZYK:  So it would consist of
5  a $40 million personal recognizance bond that would
6  be secured by the defendant's Manhattan residence,
7  as well as a brokerage account that he holds at
8  First Republic Bank.  It would be co-signed by two
9  financially responsible persons; one being the
10 defendant's wife, and the other being another
11 individual that the government will approve within
12 one week's time.  And as to the defendant's wife,
13 she would have until the end of the day tomorrow to
14 sign the bond.  And the second co-signer would have
15 until next Friday to sign the bond.
16          The defendant would surrender all of his
17 travel documents.  No new applications.  Pretrial
18 Services as -- Pretrial supervision as directed.
19 Travel restricted to the Eastern District and
20 Southern District of New York.  The defendant would
21 be prohibited from opening any new financial,
22 business or personal bank accounts, lines of credit,
23 or cryptocurrency accounts without Pretrial
24 Services' permission.
25          I think I said that he would have to

1     surrender all travel documents and make no new
2     applications, but if I failed to, that would also be
3     a condition.  And I think defense counsel has the
4     defendant's passports and could provide them to
5     Pretrial.
6               THE COURT:  Okay.  What about temporary
7     additional travel on consent or no?
8               MR. SOLOWIEJCZYK:  I think it would be
9     case by case.  It would require government and
10    Pretrial consent.
11              THE COURT:  Right. Okay.  That's another
12    condition.
13              The proposed conditions that were
14    provided to me just says no new accounts or lines of
15    credit without Pretrial Services' approval.  And
16    what you just read seems a little bit more involved.
17    Could you say that again.
18              MR. SOLOWIEJCZYK:  Sure, I can.  And
19    that's based on -- this is from the Pretrial
20    Services report.  It was more complete, and we
21    thought it made sense.  Happy to read it again.
22              The defendant would be prohibited from
23    opening any new financial, business or personal bank
24    accounts, lines of credit or cryptocurrency accounts
25    without the approval of Pretrial Services.

1           THE COURT:  All right.
2           MR. SOLOWIEJCZYK:  Actually, I have one
3  question for defense counsel.  Give me one second.
4           THE COURT:  Okay.  Go ahead.
5           MR. SOLOWIEJCZYK:  Defense counsel
6  informs me Pretrial already has the two passports.
7           THE COURT:  Okay.  What about the
8  proposed condition -- and I guess there's no --
9  there's no crypto accounts to secure; is that right?
10          MR. SOLOWIEJCZYK:  Yes.  So the bond is
11 secured by his Manhattan residence and then a
12 brokerage account at First Republic Bank.  And the
13 defendant would have two weeks -- sorry -- one week
14 to perfect the government's lien as to the residence
15 and the government's interest in the First Republic
16 account.
17          THE COURT:  All right.  That's not really
18 what my question was.  It said -- the proposed
19 condition as set forth by Pretrial Services was, "Do
20 not open any new financial, business or personal
21 bank accounts, lines of credit or cryptocurrency
22 accounts without the approval of Pretrial Services."
23 And I'm just asking whether there are any other
24 cryptocurrency accounts currently in existence.
25          MR. SOLOWIEJCZYK:  Your Honor, based on

```
 1    our investigation, we believe there are, but I think
 2    it makes sense to -- if he's -- to prevent him from
 3    doing so without Pretrial permission, particularly
 4    given this case involves crypto and the defendant
 5    making millions and millions of proceeds through
 6    selling crypto.
 7              THE COURT:  I --
 8              MR. ALLEE:  Your Honor --
 9              THE COURT:  Go ahead, Mr. Allee.
10              MR. ALLEE:  We had our Pretrial interview
11    today.  Mr. Mashinsky answered all questions fully
12    from Pretrial regarding his financial circumstances.
13    We understand that Pretrial recommended a term
14    beyond the standard conditions, which Your Honor is
15    referring to regarding the opening of new accounts.
16    And in consultation with the government to reach the
17    bail package that's being proposed to Your Honor on
18    consent, we're agreeable to that additional
19    condition.  And Mr. Mashinsky understands that if
20    Your Honor agrees with the proposal and orders that,
21    that he would be unable to open a new account
22    without first going to Pretrial Services and without
23    their approval.
24              MR. SOLOWIEJCZYK:  Your Honor, I don't
25    think I fully understood Your Honor's concern.  Now,
```

1  I think my colleague has, sort of, expressed it to
2  me.
3              One of the reasons we think it's
4  important is the government's investigation has
5  shown that the defendant certainly, at least in the
6  past, has had accounts at various cryptocurrency
7  exchanges, and he's -- you know, was somebody who
8  traded in crypto.  And there's allegations in the
9  indictment, in fact, that relate to his selling of
10 the CEL token to receive proceeds in crypto.  That's
11 the reason that it makes sense for it to be in
12 there.
13             THE COURT:  Oh, I'm not questioning that
14 reason.
15             MR. SOLOWIEJCZYK:  Okay.
16             THE COURT:  My questioning is whether
17 there are any currently extant crypto accounts that
18 need to be secured.  And --
19             Go ahead.
20             And I understand from defense counsel
21 that -- I guess the representation is that there are
22 no undisclosed -- I mean, everything -- all the
23 financial assets have been disclosed on the Pretrial
24 Services report?
25             MR. ALLEE:  Yes, Your Honor.

1                Mr. Mashinsky appeared for the interview,
2     answered all the questions about his financial
3     background from Pretrial fully.  I will add, because
4     I think it goes to Your Honor's point -- or to this
5     inquiry, that we have had discussions with the
6     government in the past.  This -- Mr. Mashinsky was
7     aware that there was an investigation.  And we've
8     been, from our view, fulsome in providing them
9     information to address any concern they have about
10    his accounts.  And we're not aware of any
11    currently -- about, as Your Honor phrased it,
12    "extant accounts," but if the government had such a
13    concern, we would certainly address it in the way we
14    have in the past by being as fulsome as we can with
15    them.
16              For today's purposes, we -- the point I
17    want to get across is that he answered all the
18    questions, and we have a package that we think
19    should be satisfactory, we're hopeful the Court
20    finds satisfactory for purposes of addressing the
21    concerns that -- about his return to court.
22              THE COURT:  All right.
23              MR. ALLEE:  Thank you, Your Honor.
24              THE COURT:  Okay.  Thank you.
25              I guess -- okay.  I -- in the past --

1   never mind.  I take that back.
2          This is your agreement.  And -- all
3   right.
4          So let me review the proposed terms of
5   the agreed-upon bail package.  And I just wanted to
6   make sure to check with everybody once I do review
7   all the terms that nobody has any other concerns or
8   terms that are missing or anything like that; okay?
9          All right.  So based on my review of the
10  indictment, the Pretrial Services report, and the
11  agreement of counsel, I accept the recommendation as
12  follows:  Mr. Mashinsky will be released on the
13  following conditions.  They are a $40 million
14  personal recognizance bond co-signed by two
15  financially responsible persons and secured by
16  defendant's Manhattan residence, as well as the
17  First Republic brokerage account.
18         Travel is restricted to the Southern and
19  Eastern Districts of New York, with temporary
20  additional travel upon consent of the government and
21  approval of Pretrial Services.
22         To the extent they have not already been
23  surrendered, surrender all travel documents and make
24  no new applications.  Pretrial supervision as
25  directed.  And he may be released on his own

1  signature today.
2          The first financially responsible
3  co-signer, the defendant's wife, must sign the bond
4  by Friday, July 14th.  The second financially
5  responsible co-signer must be approved within one
6  week, which is July 20th, and must then sign the
7  bond by Friday, July 21st.
8          The defendant must file documents within
9  one week to perfect the government's lien on the New
10 York City residence and the government's lien on the
11 defendant's account at First Republic Bank.
12         And then the defendant is not to open any
13 new financial, business or personal bank accounts,
14 lines of credit, or cryptocurrency accounts without
15 the approval of Pretrial Services.
16         Did I miss anything?
17         MR. SOLOWIEJCZYK:  From the government's
18 perspective, we think you covered everything,
19 Your Honor.
20         MR. ALLEE:  No, Your Honor.
21         THE COURT:  Okay.  Anything else to add
22 for Pretrial?
23         PRETRIAL SERVICES:  No, Your Honor.
24         THE COURT:  All right.  Thank you.
25         All right, Mr. Mashinsky, if you fail to

1  appear in court as required, or if you violate any
2  of the conditions of your release, one, a warrant
3  will be issued for your arrest.  Two, you and anyone
4  who signed the bond will each be responsible for
5  paying its full amount, that is, $40 million.  And
6  three, you may be charged with a separate crime of
7  bail-jumping, which can mean additional jail time
8  and/or a fine.
9              In addition, if you commit a new offense
10 while you are released, in addition to the sentence
11 prescribed for that offense, you will be sentenced
12 to an additional term of imprisonment of not more
13 than ten years if the offense is a felony, or not
14 more than one year if the offense is a misdemeanor.
15 This term of imprisonment would be executed after
16 any other sentence of imprisonment is completed.
17             While you're awaiting trial, I also must
18 warn you not to have any contact with or engage in
19 any intimidation of potential or designated
20 witnesses or jurors, not to engage in any
21 intimidation of any court officer, and not to engage
22 in any conduct that would obstruct any investigation
23 by law enforcement.
24             And finally, if you don't agree with my
25 decision, you have a right to appeal it.  All right.

```
 1                  Has Judge Koeltl set a conference date?
 2                  MR. SOLOWIEJCZYK:  Yes, Your Honor.
 3      July 25th at 11 a.m.
 4                  THE COURT:  Okay.  All right.  Is there
 5      anything else we need to do at this time?
 6                  MR. SOLOWIEJCZYK:  Your Honor, the
 7      government would move to exclude time under the
 8      Speedy Trial Act between today and July 25th.  Such
 9      an exclusion is in the interest of justice and
10      outweighs the interests of the defendant and the
11      public in a speedy trial because, among other
12      things, it would allow the defense to begin
13      reviewing discovery and to consider any potential
14      pretrial motions they may wish to make.
15                  THE COURT:  Any objection or other
16      concerns?
17                  MR. ALLEE:  No.  No objection,
18      Your Honor, although we've not received that
19      discovery.  But once we do, it will allow that time,
20      and we have no objection to that request.
21                  THE COURT:  All right.  I grant the
22      exclusion of time to July 25th to and including
23      July 25th because I find that the needs of justice
24      outweigh the best interests of the public and the
25      defendant in a speedy trial based on the need for
```

1  the government to begin providing discovery to the
2  defendant and for you to prepare for your next
3  conference, among other things, with Judge Koeltl.
4           All right.  Anything else we need to do
5  at this time?
6           MR. SOLOWIEJCZYK:  No.  Thank you,
7  Your Honor.
8           MR. ALLEE:  No, Your Honor.  Thank you.
9           THE COURT:  All right.  Thank you very
10 much.  We are adjourned.
11
12                       0o0

```
 1
 2                    C E R T I F I C A T E
 3
 4       I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   USA v. Alexander Mashinsky, Docket #23CR0347 was
 7   prepared using digital transcription software and is
 8   a true and accurate record of the proceedings.
 9
10
11   Signature  _____
                 Adrienne M. Mignano
12             ADRIENNE M. MIGNANO, RPR
13
14   Date:      July 31, 2023
15
16
17
18
19
20
21
22
23
24
25
```