

570 Lexington Avenue, Suite 3500
New York, NY 10022

Marc L. Mukasey
Partner
212-466-6406
Marc.mukasey@mukaseylaw.com

November 8, 2024

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10022

    Re:    United States v. Mashinsky, 23 Cr. 347 (JGK)

Dear Judge Koeltl:

    On behalf of defendant Alexander Mashinsky, we respectfully submit this letter containing Mr. Mashinsky's objections to the government's proposed requests to charge, filed on October 11, 2024 (ECF 76) (hereinafter, "Government's Requests to Charge"). Mr. Mashinsky separately filed his proposed requests to charge on October 11, 2024 (ECF 79) (hereinafter, "Defendant's Requests to Charge"). Mr. Mashinsky hereby adheres to the Defendant's Requests to Charge and to the formulations used therein. Accordingly, the absence of a specific objection, below, is not intended to act as a concession to the formulation of any of the Government's Requests to Charge. Mr. Mashinsky reserves the right to submit additional requests to charge, and to make additional objections to Government's Requests to Charge, as warranted by case developments, and at the charging conference.

**Objections**

**Government Request No. 4 – Counts One, Five, and Six: The Securities Exchange Act - Statutory Purpose**

    Mr. Mashinsky objects to Government Request No. 4 for the following reasons:

    *First*, the first sentence of Government Request No. 4 is incorrect because Counts Four and Seven do not charge securities fraud under the 1934 Securities Exchange Act. Rather, Count Four charges conspiracy under 18 U.S.C. § 371, and Count Seven charges wire fraud under 18 U.S.C. § 1343.

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 2

*Second*, the second paragraph, which purports to present a selective legislative history of the Securities Exchange Act, should be stricken. The jury has no need to hear about the "stock market crash of 1929."

*Third*, the first sentence of the third paragraph is incorrect. Count Four does not charge a violation of Section 10(b) of the Securities Exchange Act.

*Fourth*, the first sentence of the fourth paragraph is incorrect. Count Four does not charge a violation of Section 9(a)(2) of the Securities Exchange Act.

**Government Request No. 5 – Counts One and Five – Section 10(b) Counts – Elements of the Offense**

As a general matter regarding Government Requests Nos. 5 through 12, Mr. Mashinsky objects to the grouping of Counts One and Five for the purpose of instructing the jury. The two counts involve different types of conduct, different theories of liability, and potentially different securities. Combining the two counts in the manner proposed by the government will only serve to confuse the jury.

Mr. Mashinsky also respectfully submits that a formulation of the elements of security fraud that separates materiality into a separate element would provide greater clarity than the formulation presented in Government Request No. 5. *See* Defendant's Requests to Charge, Proposed Jury Instructions No. 7, 11-13 (ECF 79).

**Government Request No. 6 – Counts One and Five – Section 10(b) Counts: First Element – Fraudulent Act – Overview**

Mr. Mashinsky objects to Government Request No. 6 because, in combining Counts One and Five, it obfuscates the fact that Count One of the Indictment charges securities fraud based only on false and misleading statements. *See* Ind. ¶ 73 ("… to wit, to induce investors to purchase an interest in Celsius's Earn Program and to acquire CEL token, MASHINSKY made false and misleading statements about Celsius's financial condition and operations.") (ECF 1).

**Government Request No. 7 – Counts One and Five – Section 10(b) Counts: First Element – Fraudulent Act – Manipulation**

Mr. Mashinsky objects to Government Request No. 7 because the concept of "manipulation" applies only to Count Five, and not to Count One, which is based solely on a misrepresentation theory.

Mr. Mashinsky also objects to Government Request No. 7 because it misinterprets and misapplies *United States v. Mulheren*, 938 F.2d 364 (2d Cir. 1991). In *Mulheren*, the Second Circuit reversed a market manipulation conviction on the grounds that the government had failed to prove that the defendant purchased the shares in question "*for the sole purpose* of raising the price at which [the stock] traded." *Id*. at 369 (emphasis added). The government, however, proposes to instruct the jury exactly the opposite of *Mulheren*, that a defendant's trading

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 3

constitutes manipulation if *any* part of his purpose in trading the security was to artificially affect its price. *See also United States v. Tuzman*, 15 Cr. 536 (PGG), Jury Charge at 7209:21-7210:9 (S.D.N.Y. Jan. 11, 2018), ECF No. 706*; S.E.C. v. Masri,* 523 F.Supp.2d 361, 372-73 (S.D.N.Y. 2007) ("The Court holds that in order to impose liability for an open market transaction, the SEC must prove that but for the manipulative intent, the defendant would not have conducted the transaction.") (emphasis in original); *Markowski v. S.E.C.*, 274 F.3d 525, 528-29 (D.C. Cir. 2001) (holding that liability depends "entirely on whether the investor's intent was 'an investment purpose' or 'solely to affect the price of [the] security'") (internal citation omitted).

**Government Request No. 8 – Counts One and Five – Section 10(b) Counts: First Element – Fraudulent Act – False and Misleading Statements**

Mr. Mashinsky objects to Government Request No. 8 because it fails to instruct the jury that some statements are not capable of analysis for truth or falsity, or that "puffery" is not actionable under the securities laws. *See* Defendant's Requests to Charge, Proposed Jury Instructions Nos. 9 & 10 (ECF 79).

**Government Request No. 10 – Counts One and Five – Section 10(b) Counts: First Element – Definition of Security**

Mr. Mashinsky objects to Government Request No. 10 because it fails to state that the government must prove beyond a reasonable doubt that the relevant purchases or sales were transactions in a "security." *See United States v. Hampton*, No. 23-cr-20172 (KMW), Court's Final Instructions to the Jury (ECF 122), at 12 (S.D. Fla. Feb. 8, 2024).

Mr. Mashinsky also objects to the first sentence of the second paragraph of Government Request No. 10 because: (1) there is no such thing as a "*membership interest*[] in the Earn Program" (emphasis added), and (2) the phrasing of the sentence improperly suggests that these "membership interests in the Earn Program and the CEL Token constitute investment contracts …." To the extent that any specific potential security is identified, the instruction should be clear that it is up to the jury to determine, unanimously, whether it is, in fact, a security. *See id*. Moreover, this sentence is likely to confuse the jury because Count Five does not involve the Earn Program in any way.

Finally, Mr. Mashinsky respectfully submits that a more fulsome instruction regarding the requirements of an "investment contract" is needed. *See* Defendant's Requests to Charge, Proposed Jury Instruction No. 15 (ECF 79).

**Government Request No. 11 – Counts One and Five – Section 10(b) Counts: Second Element:  Knowledge, Intent, and Willfulness**

Mr. Mashinsky objects to Government Request No. 11 on the grounds that it omits to include that a defendant acts "willfully" when he "acts with knowledge that his conduct [is] unlawful." *See United States v. Kukushkin*, 61 F.4th 327, 332 (2d Cir. 2023).

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 4

**Government Request No. 13 – Count Six – Section 9(a)(2) Count – Price Manipulation: Elements of the Offense**

Mr. Mashinsky objects to Government Request No. 13 because it improperly suggests that the CEL Token is a security when it is the jury's responsibility to make that determination, unanimously and beyond a reasonable doubt. *See United States v. Hampton*, No. 23-cr-20172 (KMW), Court's Final Instructions to the Jury (ECF 122), at 12 (S.D. Fla. Feb. 8, 2024).

**Government Request No. 16 – Section 9(a)(2) Count – Price Manipulation: Third Element – Purpose of Inducing Purchase or Sale of Security by Others**

Mr. Mashinsky objects to Government Request No. 16 in its entirety and respectfully refers the Court to Defendant's Requests to Charge, Proposed Jury Instruction Nos. 37, 39, 44 & 45 (ECF 79) and the sources cited therein.

Further, Mr. Mashinsky objects to Government Request No. 16 more specifically because it improperly imports scheme liability into the scope of Section 9(a)(2) by incorporating its proposed instruction regarding the "concept of manipulation." The government's proposed instruction on the "concept of manipulation" (Government Request No. 7), given in the context of the Section 10(b) counts, states that "[i]t is not necessary for the Government to prove that a manipulative scheme actually succeeded …. You must focus on whether there was a manipulative scheme." Gov't Request N. 7 (ECF 76). Section 9(a)(2), however, does not contain a scheme liability element and requires proof beyond a reasonable doubt (1) that the defendant "effected a series of transactions in a security" and (2) "that the series of transactions either (a) created actual or apparent active trading in the security, or (b) raised or depressed the price of the security." *See* Gov't Request No. 13 (ECF 76). Thus, to convict on Section 9(a)(2) the jury must find something more than the mere existence of a manipulative scheme.

**Government Request No. 17 – Section 9(a)(2) Count – Price Manipulation: Fourth Element – Knowledge and Willfulness**

Mr. Mashinsky objects to Government Request No. 17 for the same reasons as stated in his objection to Government Request No. 11 above.

In addition, Mr. Mashinsky objects to Government Request No. 17 because it omits the requirement that the government prove beyond a reasonable doubt that the defendant acted "with manipulative intent." Mr. Mashinsky respectfully refers the Court to Defendant's Requests to Charge, Proposed Jury Instruction No. 39 (ECF 79) and the sources cited therein.

**Government Request No. 19 – Count Two – Commodities Fraud – Elements**

Mr. Mashinsky objects to the proposed instruction on the first two elements of commodities fraud because Count Two of Indictment alleges commodities fraud based on a misrepresentation theory only. Thus, references to other bases of culpability are unnecessary.

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 5

Mr. Mashinsky respectfully submits that a formulation of the elements of commodities fraud that separates materiality into a separate element would provide greater clarity than the formulation presented in Government Request No. 19. *See* Defendant's Requests to Charge, Proposed Jury Instructions No. 11-13, 20, 23 (ECF 79).

**Government Request No. 20 – Count Two – Commodities Fraud – First Element**

Mr. Mashinsky objects to Government Request No. 20 because Count Two of Indictment alleges commodities fraud based on a misrepresentation theory only. Thus, references to other bases of culpability are unnecessary.

**Government Request No. 21 – Count Two – Commodities Fraud – Second Element**

Mr. Mashinsky objects to inclusion of the following sentence in Government Request No. 21: "A virtual currency or cryptocurrency may qualify as a 'commodity.'" While the statement is correct as far it goes, it would be equally correct to state that a virtual currency *may not* qualify as a commodity.

**Government Request No. 22 – Count Two – Commodities Fraud – Third Element**

Mr. Mashinsky objects to Government Request No. 22 for the same reasons as stated in his objection to Government Request No. 11 above.

**Government Request No. 23 – Counts Three and Seven – Wire Fraud – Elements**

As a general matter applicable to Government Requests Nos. 23 through 26, Mr. Mashinsky objects to the grouping of Counts Three and Seven. These two counts involve different alleged schemes and conduct.

Mr. Mashinsky respectfully submits that a formulation of the elements of wire fraud that separates materiality into a separate element would provide greater clarity than the formulation presented in Government Request No. 23. *See* Defendant's Requests to Charge, Proposed Jury Instructions No. 26 & 30 (ECF 79).

**Government Request No. 24 – Counts Three and Seven – Wire Fraud – First Element – Existence of a Scheme**

As noted above, Mr. Mashinsky respectfully submits that "materiality" be addressed as a separate element, as proposed in Defendant's Requests to Charge (ECF 79).

**Government Request No. 25 – Counts Three and Seven – Wire Fraud – Second Element – Intent**

Mr. Mashinsky objects to the inclusion of language in the third and penultimate paragraphs of Government Request No. 25 that a defendant's belief that no victim will ultimately suffer a loss, despite being temporarily deprived of money or property by the defendant, is no defense to wire fraud. Such an instruction is proper only where the defendant contemplates

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 6

"some immediate loss to the victim," but not where the defendant believed in good faith that victims would "*never*" be harmed. *United States v. Rossomando*, 144 F.3d 198, 201 (2d Cir. 1998) (emphasis in original).

### Government Request No. 27 – Willful Causation

Mr. Mashinsky objects to Government Request No. 27 in its entirety as irrelevant and confusing to the jury. Mr. Mashinsky was not charged under a willfully causing theory (Sand Instruction 11-3). As such, this instruction is irrelevant and inapplicable, serving to confuse the jury regarding a theory of liability not charged in the Indictment.

### Government Request No. 28 – Aiding and Abetting

Mr. Mashinsky objects to Government Request No. 27 in its entirety as irrelevant and inapplicable, serving to confuse the jury regarding a theory of liability that is inconsistent with the Indictment.

### Government Request No. 30 – Conspiracy – Elements

Mr. Mashinsky objects to Government Request No. 30 for the following reasons:

*First*, the phrase "or understanding" should not be included in the description of the first element of the conspiracy charge. It is sufficient, and clearer, to refer only to "an agreement."

*Second*, the description of the overt act element fails to include sufficient language to clarify that the person who commits the overt act must know that he is acting in furtherance of the conspiracy.

### Government Request No. 31 – Conspiracy – First Element – Existence of Agreement

Mr. Mashinsky objects to Government Request No. 31 to the extent it fails to explain to the jury that some circumstantial evidence may be susceptible to more than one inference – perhaps with one inference tending to indicate guilt and the other innocence. *See* Defendant's Requests to Charge, Proposed Jury Instruction No. 51 (ECF 79).

### Government Request No. 32 – Conspiracy – Second Element – Membership

Mr. Mashinsky objects to Government Request No. 32 because it fails to include an instruction that the defendant's membership in the alleged conspiracy "must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them." *See United States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989).

### Government Request No. 34 – Coconspirator Statements

Mr. Mashinsky objects to Government Request No. 34 in its entirety. The legal foundation for admissibility is not a jury issue.

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 7

**Government Request No. 35 – Presence of Counsel**

Mr. Mashinsky objects to Government Request No. 35 because, as worded, it is an incorrect statement of law. Specifically, Mr. Mashinsky objects to the government's reference to "in good faith" in the last sentence. The words and actions of counsel and other corporate personnel may be relevant to his state of mind and a good faith defense. Mr. Mashinsky respectfully draws the Court's attention to Defendant's Requests to Charge, Proposed Jury Instruction No. 5 ("Good Faith Doctrine") (ECF 79) and the sources cited therein.

**Government Request No. 36 – Conscious Avoidance (If Applicable)**

Mr. Mashinsky objects to the Government Request No. 36 because, at the present time, and subject to the way in which the trial in this matter unfolds, the government has not presented a theory of conscious avoidance. This instruction would not be relevant to the charges in the Indictment and would serve only to confuse the jury and risks adding another theory of liability not charged in the Indictment. *See United States v. Henry*, 888 F.3d 589, 600 (2d Cir. 2018) ("A conscious avoidance charge may only be given (i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact. The conscious avoidance charge must communicate two points: (1) that a jury may infer knowledge of the existence of a particular fact if the defendant is aware of a high probability of its existence, (2) unless the defendant actually believes that it does not exist.").

If this charge becomes relevant to the government's theory of the case, Mr. Mashinsky objects to the formulation of the charge because the proposed request does not leave placeholders for the specific issue about which knowledge and the concept of conscious avoidance may be at issue. Without this placeholder, which is part of Sand Instruction 3A-2, the proposed request would be confusing and overbroad.

**Government Request No. 38 – False Exculpatory Statements (If Applicable)**

Mr. Mashinsky objects to Government Request No. 38 on the basis that it omits certain language from Sand Instruction 6-11.

*First*, the first sentence of the proposed request omits the clarification that the allegedly false exculpatory statements were made "outside of the courtroom to law enforcement authorities[.]" *See* Sand Instruction 6-11 ("You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities …."). This language should be included if Mr. Mashinsky testifies on his own behalf at trial because, without it, the instruction would inappropriately cast doubt on the defendant's testimony. *See* Sand Instruction 6-11, cmt. Further, by excluding the clarification that the allegedly false exculpatory statements were made "to law enforcement authorities" the government impermissibly expands the instruction, beyond those statements typically covered by this instruction, to cover any and all statements that may seem exculpatory. *See United States v. Dawkins*, 999 F.3d 767, 794 (2d Cir.

2021) ("The instruction is most often (though not only) given when a defendant made false pretrial statements to law enforcement officers.").

*Second*, the government omits in the third sentence of the proposed request, the clarification that the jurors may, "but are not required to" infer that the defendant believed that he was guilty.  *See* Sand Instruction 6-11 (emphasis added).  This language clarifies for the jury that it is permissible that they *not* infer consciousness of guilt from any allegedly false exculpatory statements.  Mr. Mashinsky respectfully requests that if the Court chooses to charge the jury with this instruction, that the Court charge the full Sand Instruction, reproduced below:

> Sand Instruction 6-11 – Consciousness of Guilt from False Exculpatory Statement
>
> You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The government claims that these statements in which he exonerated or exculpated himself are false.
>
> If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.
>
> Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

For the foregoing reasons, Mr. Mashinsky requests that the Court revise Government Request No. 38 to match more closely Sand Instruction 6-11 as suggested above.

**Government Request No. 44 – Law Enforcement Witnesses**

Mr. Mashinsky objects to Government Request No. 44 to the extent it omits the following language included in Defendant's Requests to Charge, Proposed Jury Instruction No. 57 (ECF 79):  "At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case."

**Government Request No. 46 – Uncalled Witnesses – Equally Available to Both Sides**

Mr. Mashinsky objects to Government Request No. 46 for the following reasons:

*First*, because the "'availability' of a witness … depend[s] … on all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility," *United States v. Rollins*, 487 F.2d 409, 412 (2d Cir. 1973), it is impossible to determine at this time whether any unidentified witness is, in fact, equally available to both sides.

The Hon. John G. Koeltl, U.S.D.J.
November 8, 2024
Page 9

*Second*, the Second Circuit has "suggested that where a witness is equally available to both sides, a missing witness charge is 'inappropriate.'" *See United States v. Caccia*, 122 F.3d 136, 139 (2d Cir. 1997) (citing *United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994)).

*Third,* if the Court ultimately decides to give an "uncalled witness" instruction, Mr. Mashinsky objects to the government's formulation to the extent it includes the following sentence: "Their absence should not affect your judgment in any way." *See United States v. Mancuso*, 2010 WL 11530536, at *8 n.6 (N.D.N.Y. June 8, 2010) (striking similar sentence in response to defendant's objection that it conflicted with court's instruction that jury could consider lack of evidence in determining reasonable doubt).

**Government Request No. 52 – Use of Charts and Summaries**

Mr. Mashinsky objects to the last sentence of Government Request No. 52 because it incorrectly suggests that charts and summaries admitted into evidence may summarize or otherwise present trial testimony. Rule 1006 of the Federal Rules of Evidence provides that a chart or summary may be used "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Rule 1006 does not provide for a chart or summary based on trial testimony.

                                              Respectfully submitted,

                                              /s/ Marc L. Mukasey
                                              Marc L. Mukasey
                                              Torrey K. Young
                                              Michael Westfal

                                              *Counsel for Alexander Mashinsky*

Cc:    All counsel of record (via ECF)