UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ALEXANDER MASHINSKY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTIES/MONEY JUDGMENT

23 Cr. 347 (JGK)

WHEREAS, on or about July 11, 2023, ALEXANDER MASHINSKY (the "Defendant"), among others, was charged in a seven-count Indictment, 23 Cr. 347 (JGK) (the "Indictment"), with, *inter alia*, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, on or about 12/3/24, the Defendant pled guilty to Counts Two and Five of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Five of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), (i) a sum of money equal to $48,393,446 in United States

currency, representing proceeds traceable to the commission of Count Five (the "Money Judgment"), and (ii) all right, title and interest of the Defendant in the following specific properties, each of which is subject to the Post-Indictment Restraining Order dated August 16, 2023:

    (a) Any and all funds in account number **055-72620-2** held at Goldman Sachs in the name of Koala1 LLC, and any and all moneys, assets, and funds traceable thereto;

    (b) Any and all funds in account number **056-30961-0** held at Goldman Sachs in the name of Koala1 LLC, and any and all moneys, assets, and funds traceable thereto;

    (c) Any and all funds in account number **055-72608-7** held at Goldman Sachs in the name of Koala2 LLC, and any and all moneys, assets, and funds traceable thereto;

    (d) Any and all funds in account number **055-72619-4** held at Goldman Sachs in the name of Koala3 LLC, and any and all moneys, assets, and funds traceable thereto;

    (e) Any and all funds in account number **857-07039** held at Merrill Lynch in the name of AM Ventures Holdings Inc., and any and all moneys, assets, and funds traceable thereto;

    (f) Any and all funds in account number **A9G-296437** held at First Republic Securities in the names of Alexander Mashinsky and Kristine Meehan, and any and all moneys, assets, and funds traceable thereto;

    (g) Any and all funds in an account number **410005144897** held at SoFi Bank in the name of Alex Mashinsky, and any and all funds traceable thereto;

    (h) Any and all funds in an account number **4XU-08120-13** held at SoFi Securities in the name of Alex Mashinsky, and any and all moneys, assets, and funds traceable thereto; and

    (i) The real property located at 2004 East 8th Street, Austin, Texas, which is a residential home purchased by the defendant and Kristine Mashinsky on or about June 10, 2021, and more fully described as Lot Number 14, Block 21 of Grandview Place, a subdivision of Outlot No. 10 and parts of Outlots No. 8, 9, 11, and 62 in Division B, in Travis County, Texas, according to the plat recorded as Volume 3, Page 17, of the Plat Records of Travis County, Texas.

(a. through i., collectively, the "Specific Properties");

    WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $48,393,446 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Properties, which constitutes property traceable to the offense charged in Count Five of the Indictment;

WHEREAS, the Defendant agrees to make a payment to the Government in the amount of $10,000,000 (the "Payment") towards the satisfaction of his forfeiture money judgment obligation no later than December 31, 2025 (the "Payment Deadline");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained, with the exception of the Specific Properties, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Peter J. Davis, Adam S. Hobson, and Allison Nichols, of counsel, and the Defendant and his counsel, Marc Mukasey, Esq., Torrey Young, Esq., and Michael Westfal, Esq., that:

1. As a result of the offense charged in Count Five of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $48,393,446 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense

charged in Count Five of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count Five of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant ALEXANDER MASHINSKY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Properties and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Properties must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Properties, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Properties forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     The Defendant shall make a payment to the Government in the amount of $10,000,000 (the "Payment") towards the satisfaction of his forfeiture money judgment obligation by no later than December 31, 2025 (the "Payment Deadline").

12.     Upon receipt of the Payment by the Payment Deadline and the entry of a Final Order of Forfeiture as to the Specific Properties, the Government shall accept the Payment in full satisfaction of the Money Judgment.

13.     In the event that the Defendant is unable to make the Payment by the Payment Deadline, the Defendant may submit a request to the Government for a reasonable extension of the Payment Deadline. The Government may in its discretion approve a request to extend the Payment Deadline upon a showing of good cause by the Defendant, which approval shall not be unreasonably denied.

14.     The Government agrees not to take any action, pursuant to Title 18, United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant before the Payment Deadline. If the Defendant fails to make the Payment in full, the Government may take action pursuant to Title 18, United States Code, Section 853(p).

15.     Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

16.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

17. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

~~[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]~~

18. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     12/2/2024
PETER J. DAVIS                             DATE
ADAM S. HOBSON
ALLISON NICHOLS
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2468 / 2484 / 2366


ALEXANDER MASHINSKY

By: _____     12.2.2024
ALEXANDER MASHINSKY                        DATE


By: _____     12/2/24
MARC MUKASEY, Esq.                         DATE
TORREY YOUNG, Esq.
MICHAEL WESTFAL, Esq.
Mukasey Young LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022

SO ORDERED:

_____        12/3/24
HONORABLE JOHN G. KOELTL                DATE
UNITED STATES DISTRICT JUDGE