P4A5masC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

         v.                            23 Cr. 347 (JGK)

ALEXANDER MASHINSKY,

              Defendant.

------------------------------x
                                       April 10, 2025
                                       11:50 a.m.


Before:

                  HON. JOHN G. KOELTL,

                                       U.S. District Judge


                       APPEARANCES

MATTHEW R. PODOLSKY
     Acting United States Attorney for the
     Southern District of New York
BY:  ALLISON C. NICHOLS
     ADAM HOBSON
     Assistant United States Attorneys

MUKASEY YOUNG LLP
     Attorneys for Defendant
BY:  MARC L. MUKASEY
BY:  MICHAEL F. WESTFAL
BY:  TORREY K. YOUNG
```

1              (Case called)
2              THE DEPUTY CLERK:  Will all parties please state who
3    they are for the record.
4              MS. NICHOLS:  Allison Nichols and Adam Hobson for the
5    government.  Good morning, your Honor.
6              THE COURT:  Good morning.
7              MR. MUKASEY:  Judge, good morning.  Marc Mukasey with
8    my colleagues, Mike Westfal and Torrey Young for the defendant
9    Alexander Mashinsky, who is present in court.
10             THE COURT:  OK.  Good to see you all.  Please have a
11   seat.
12             Why did I call you in?  Because on the correspondence
13   back and forth with respect to sentencing and whether to have a
14   Fatico hearing, I did not find very helpful.  The government
15   says the defendant was objecting to large portions of the
16   presentence report and we need a Fatico hearing and the defense
17   says we have no time for a Fatico hearing, we are preparing our
18   defense submission in connection with sentencing.
19             I mildly reminded the parties that the Court has to
20   determine any disputed issues in the presentence report or say
21   that they don't affect the sentence.  The defense says we
22   entered a plea of guilty, we had an adequate allocution to show
23   that we in fact had a factual basis for the plea which results
24   in a very large guideline sentencing range, and the defense
25   says we are not retracting any of that.  So, one of the issues

1   at sentence would be where within the guideline sentencing
2   range the sentence should be, the probation department has made
3   a recommendation, or under the 3553(a) factors, should there be
4   a variance from the guideline sentencing range.
5        Defense says we are busily spending our time working
6   on our submission.  The defense submission is due April 17, the
7   government's submission April 24, defense reply May 1, and
8   right now sentence is May 8.
9        Now, the parties can correct me if I am wrong, but the
10  bottom line for me is I don't know until there is a defense
11  submission what portions, if any, of the presentence report by
12  the probation department are being contested, and whether any
13  of those specific parts will affect the sentence.  As part of
14  the defense submission, I assume the defense will tell me
15  specifically what portions of the presentence report, if any,
16  are being objected to, and give me whatever submission the
17  defense wishes to make with respect to that.  The government
18  will respond and the defense will reply, and it is only at that
19  point that I know whether to have a Fatico hearing because it
20  is only then that I know what portions of the presentence
21  report are being contested and whether those portions will make
22  a difference in terms of sentence.  For example, in the course
23  of the plea allocution, the defendant pleaded to a false
24  statement and defense says that's all we have to do to plead to
25  a false statement in violation of the statute.  OK.

| | |
|---|---|
| 1 | In the presentence report, the probation department |
| 2 | says there were groups of misstatements and here are specific |
| 3 | misstatements.  I don't know whether the defense says we didn't |
| 4 | make those statements or not, or what else the defendant is |
| 5 | going to say with respect to that.  And without knowing that, I |
| 6 | frankly don't understand the government's suggestion for a |
| 7 | free-standing Fatico hearing which takes what the defense |
| 8 | objected to in the presentence report and the probation |
| 9 | department resolved in order to arrive at the presentence |
| 10 | report and the probation department's recommendation and |
| 11 | without that, as the basis for the Fatico hearing.  The Fatico |
| 12 | hearing appears to me to be premature. |
| 13 | Now, I had asked for the parties to advise me |
| 14 | sufficiently in advance so that we would keep the sentencing |
| 15 | date of May 8, whether a Fatico hearing was necessary.  But the |
| 16 | way in which the parties have dealt with each other really |
| 17 | didn't provide that because there was no specification of what |
| 18 | the specifics of a Fatico hearing would be and I certainly |
| 19 | wasn't notified, in sufficient advance, to schedule a Fatico |
| 20 | hearing. |
| 21 | So, that's where we are.  The parties will make their |
| 22 | submissions and they will be whatever they will be.  I will |
| 23 | then have to review the parties' submissions, carefully analyze |
| 24 | the presentence report, and determine at that point whether I |
| 25 | need a Fatico hearing.  The defense says you won't need a |

1   Fatico hearing, after all, you can make your decisions based
2   upon lots of sources of information and both parties will
3   provide lots of sources of information.  So, I certainly can't
4   make that decision until I have had the parties' submissions
5   and an opportunity to review the parties' submissions.
6            What does that do for the May 8 sentencing date?
7   Sure, I would like to keep the May 8 sentencing date.  I have
8   set that Long in advance.  But there have been delays in the
9   case by mutual agreement between the parties and every time
10  that there is a request for a delay the parties point to the
11  other side and say, look, you were responsible for that delay
12  which took several months.  All I can do is to move the case
13  along with the greatest expedition that I can.  Can I have a
14  sentencing date on May 8?  That's the date.  Will that turn out
15  to be a date for a Fatico hearing?  I can't tell until I review
16  all of the papers which I have no idea what the volume of those
17  papers may be.
18           So, I wanted to explain that to the parties in as
19  great a detail as I can, to tell you where I am in my thinking
20  in response to your submissions on both sides.
21           So, now I am happy to listen to anything that the
22  parties wish to tell me.
23           MS. NICHOLS:  Thank you, your Honor.
24           I appreciate the Court's summary and I think I
25  understand the message from the Court.  I think what I would

1   add, your Honor, is that the government has been endeavoring to
2   get clarity about what is and is not in dispute since the
3   initial PSR was transmitted by the probation office and my
4   concern, in light of what the Court just summarized and the
5   Court's anticipated path forward, is that we are going to get
6   to April 17th, the defense submission due date, and we are
7   still not going to have clarity like that.  And so, what we
8   have been asking for is a sort of paragraph-by-paragraph
9   objection, or not, to the presentence investigation report so
10  that we can understand the nature of the objection and
11  therefore what proof we would have to proffer in order to
12  establish the facts by a preponderance, as is our burden and as
13  we are happy and willing to do.
14          But I think the reason why I think the Court used the
15  word "free-wheeling" like the reason why we are proposing a
16  Fatico hearing to establish each and every one of the facts in
17  the lengthy PSR is because it is our present understanding that
18  each and every one of them is in dispute.  I mean, I think the
19  Court gave an example of there is a number of misstatements and
20  the Court is not aware of whether the defendant is saying I
21  didn't make that statement; or --
22          THE COURT:  I didn't know.
23          MS. NICHOLS:  -- I didn't know it wasn't true; or in
24  some cases potentially a lawyer told me that I could say this.
25  And the government also needs that clarity.  The government,

1   without that clarity, cannot martial the evidence to put before
2   the Court in order to resolve these disputes.
3           And so, I think that's why we wrote to the Court.  We
4   have certainly -- and we take responsibility, mutually, for the
5   fact that our discourse so far has not calcified some of these
6   issues.  But, it has not.
7           And so I think what we are hoping for, in some way,
8   shape or form, is that there could be clarity from the Court as
9   to the scope of the government's presentation of evidence.  We
10  understand from the defendant's letter to the probation office
11  on February 18 that they take the position, which is absolutely
12  correct, which we absolutely agree with, that if there are
13  disputed facts it is the government's burden to prove them by a
14  preponderance.  We are prepared to do that, we don't know which
15  facts are in dispute.
16          THE COURT:  OK.
17          MR. WESTFAL:  Good morning, your Honor.
18          THE COURT:  Good morning.
19          MR. WESTFAL:  I think the one point that I think we
20  feel the need to respond to is the government's
21  statement/suggestion that this is a lack of clarity on what our
22  objections are, for example, that the government doesn't know
23  if we are saying he never said it or that he didn't know that
24  it was false or something else.
25          The objections we submitted run 92 pages and, from our

perspective, spell out exactly what we are objecting to in and none of those objections have we ever said, oh, he's denying he ever said that. That's never been suggested by defense's side so I don't think there should be a lack of clarity about that. In our view, the objections are well-founded, they're detailed and we have submitted to probation 112 exhibits to support them.

So, you know, we feel like we have done a lot of work on our side to make clear our client's position and I think the challenge is that there are building blocks in the PSR to categories of misstatement and they all lead to the same place which is, oh, he lied about that. And he didn't plead guilty to that. And he denies lying about that. And so, to get to those building blocks, we have to challenge the building blocks.

When you combine the various categories you get to two parties that have fundamentally different views of Mr. Mashinsky, of his company, and his offense conduct, and that is the chasm that is between the parties. And we feel like we have done a whole lot of work to support our objections and we are prepared to lay those out to walk the Court through those in our sentencing submission. That is what we have been preparing to do, that is what we understood the Court had asked us to do in the e-mail request, from Mr. Fletcher. That has been our plan all along.

1          THE COURT:  Well, again, the defense, there was an
2  initial presentence report and the defense made a lot of
3  objections to the probation department.  The probation
4  department resolved the objections as best it could, came out
5  with the final report so I don't know, until I read the defense
6  submission, what specific paragraphs the defense objects to and
7  whether it is necessary for me to resolve each of those
8  objections or make a finding that they don't affect the
9  defendants.
10          The parties agree that the objections do not affect
11  the Sentencing Guideline range so we are talking about the
12  3553(a) factors and they're addressed to the Court's reasonable
13  conscientious determination of which of the objections may
14  affect the sentence and you have correctly analyzed, it seems
15  to me, the presentence report and the way in which the
16  probation department has organized the presentence report.
17          Here is the alleged misrepresentation and then here
18  are 13 instances of the alleged misrepresentation.  Is it
19  necessary to determine whether each of the 13 instances, under
20  a specific paragraph, were themselves false or not?  I don't
21  know until I review the parties' submissions, the defense
22  objections, because the report I am dealing with now is the
23  report that the Probation Department has provided after
24  considering all of the objections, the responses to the
25  objections.  So, it is not the initial report, it is the final

1  report after the parties have had the opportunity for input so
2  I don't know -- I really don't -- what the defense is going to
3  tell me with respect to the objections to the final report and
4  whether all of those objections affect the sentence or not.
5          MR. WESTFAL:  That last question I struggle to answer.
6          THE COURT:  I'm sorry?
7          MR. WESTFAL:  That last question is the one I struggle
8  to know how to answer, and I think because we are in the same
9  place.  I think the only point that is important for us to make
10 clear -- I think there is two.  One is we understood from
11 probation's report that your Honor already had our objections
12 and the parties' responses.  That was our understanding, that
13 is referenced in the report itself, so we have been working
14 under that -- perhaps -- misunderstanding.
15         But I think the point I just want to make clear --
16         THE COURT:  I think what the report said, correct me
17 if I am wrong, that they've offered the Court to provide all of
18 the backup.  It didn't say that the Court has accepted that.  I
19 mean, I'm dealing with the presentence report, the final
20 presentence report.  It reflects that there were defense
21 objections.  It says we have resolved them as best we can.  So,
22 I'm dealing with the final presentence report and if the
23 defense wishes to object to any of the paragraphs or
24 subparagraphs in the presentence report, you are welcome to do
25 that.  Don't assume that because you provided information to

1   the probation department that the probation department resolved
2   that, you know, we can assume that the Court is going to
3   consider everything that was submitted to the probation
4   department and resolved by the probation department to come up
5   with the final presentence report.
6           What I am dealing with is the final presentence report
7   and the conclusions of the probation department in the final
8   presentence report and it says, you know, we have resolved the
9   objections, as follows.
10          So, they've resolved the objections as best they can.
11  They've submitted a final presentence report.  If the defense
12  wishes to object to the final presentence report in any way,
13  you are welcome to submit those objections with the basis for
14  the objections.  The government is welcome to respond and I
15  either resolve the objection or say that it doesn't affect the
16  sentence.
17          Isn't that clear?  I'm not here to be in the middle of
18  what the parties did with the probation department to come up
19  with the final presentence report.  I have a final presentence
20  report.  If there are objections to that report they should be
21  made to me, not to the probation department, and if I find that
22  those objections need to be resolved for purposes of sentence I
23  will resolve them or find that they don't affect the sentence.
24  And if I think, after reviewing the defense objections and the
25  government response, that I can resolve them without a Fatico

|   |   |
|---|---|
| 1 | hearing, and if both parties tell me you don't need a Fatico |
| 2 | hearing, we don't want a Fatico hearing -- which so far has |
| 3 | been the defense position -- if I think I need a Fatico hearing |
| 4 | I will ask for a Fatico hearing but I will take into account |
| 5 | that the parties say, you know, you don't need a Fatico |
| 6 | hearing, you can base your sentence on a wide variety of |
| 7 | information. We have provided you that wide variety of |
| 8 | information. The government has provided you a wide variety of |
| 9 | information and we affirmatively tell you, Judge, we don't |
| 10 | think a Fatico hearing is necessary. And if both parties say |
| 11 | we don't think a Fatico hearing is necessary, I will consider |
| 12 | that and everything you have submitted to me and answer whether |
| 13 | I think a Fatico hearing is necessary and, if so, then we will |
| 14 | have a Fatico hearing. |
| 15 | MR. MUKASEY: We are totally on board with that |
| 16 | approach, Judge. Thanks. |
| 17 | MS. NICHOLS: Thank you, your Honor. |
| 18 | Just on the logistics I have one question and one |
| 19 | proposal, your Honor. |
| 20 | THE COURT: Sure. |
| 21 | MS. NICHOLS: The question is do you have a sense |
| 22 | where in this process you will be able to make a determination |
| 23 | about what you might need? I take it it would be after the |
| 24 | defense reply deadline. |
| 25 | THE COURT: Yes. |

1        MS. NICHOLS:  OK.

2        THE COURT:  The reply deadline, probably I don't know
3   until -- I mean, there are three submissions due; the defense,
4   government, and reply, and my sense is that they may be
5   extensive.  Please understand, I have to process all of them,
6   so take that into account.

7        I don't know what the parties are going to tell me in
8   their submissions.  I don't know what the parties' submissions
9   are going to be as to the need for a Fatico hearing and when
10  the parties are going to definitively tell me that.

11       MS. NICHOLS:  Yes, your Honor.  I appreciate all of
12  that.

13       I will just reiterate that the government's position,
14  both today and with defense counsel, is that the Court should
15  not discount or dispense with vast swaths of the PSR without
16  hearing further about why they are both true and relevant for
17  sentencing, and so I don't think the government's position is
18  going to be that we don't need a Fatico except in a world in
19  which significant numbers of the objections are withdrawn,
20  which we understand is not the defendant's intent, which is why
21  we are raising it.

22       THE COURT:  That statement skips over a step.

23       You say the government thinks that a Fatico hearing
24  may be unnecessary unless the defense withdraws a significant
25  number of objections.  First of all, I don't have any

1   objections to the presentence report at the moment.  There is a
2   final presentence report and I'm awaiting the parties'
3   submissions directed to the final presentence report.  And I
4   don't know whether the defense will say you can resolve -- we
5   have lots of objections, we say you can resolve the objections
6   without a Fatico hearing.  I don't know if that is the defense
7   position or not.  I have to wait to see.  The government
8   anticipates that the answer to that will be no, you need a
9   Fatico hearing.  OK, then I will have to consider whether I
10  need a Fatico hearing.
11          MS. NICHOLS:  I understand, your Honor.  I understand
12  the steps that you have laid out.
13          THE COURT:  And I don't know what specific arguments
14  are going to be made so I have to await to see them.
15          MS. NICHOLS:  I understand all of that, your Honor.
16  May I make a suggestion about the scheduling?
17          We know from our communication with representatives of
18  the victims of these schemes that there are several victims who
19  wish to be heard at sentencing.  One thing that we could do, if
20  this makes sense, is on May 8, on a non-evidentiary basis but
21  just in connection with the victims' right to be heard at
22  sentencing, we could schedule that as sort of a date certain.
23  There are people who would I think travel from out of the
24  district to attend the sentencing and, in addition, multiple of
25  the government's possible witnesses at a possible Fatico

hearing would be traveling quite significant distances.

So, all of that leaves a little bit of a logistical juggling that we would have to do and completely understanding that the Court needs to process the advocacy that it receives in the form of sentencing submissions.

So, holding the 8th as a date where non-evidentiary victims could be heard for a non-evidentiary basis, I think would keep the schedule moving forward but allow for there to be greater clarity about what is and is not in dispute in order that we not have 8 or 10 people scheduled to sit in the back of the courtroom if none of them are needed.

MR. MUKASEY:  If I may, Judge?

I prefer that we do this sort of all in one day, like a typical sentencing hearing, such that we are not breaking off hearing from victims at a time when the Court may still be processing the information in front of it.  I think the victims' opportunity to be heard at sentencing, which we respect and we invite, happens at sentencing after everybody has processed the facts, the objections, whether there is a need for an evidentiary hearing down the road or not.  I rather would do it the traditional way.  I don't mean to cause anybody any hardship, but our client is facing 30 years in prison.  It is just not time, in my view, to freelance how we do the sentencing.  There should be the orderly process that your Honor laid out, there should be your Honor's ability to

understand and appreciate both sides' positions, and then there should be a sentencing hearing where victims and maybe even perhaps supporters of Mr. Mashinsky, can speak.

This is an enormously serious case. I would rather do it in the conventional way.

THE COURT: OK. I'm not inclined at the moment to start bifurcating. I fully appreciate that there has to be sufficient advance notice with respect to witnesses at a Fatico hearing and with respect to victim testimony at the final sentencing hearing. The parties are always welcome to discuss issues of scheduling among themselves and I will try to let you know as soon as possible with respect to my own thoughts about the schedule of the Fatico hearing, or not, and sentencing date, but we have kept the dates as they are and the parties are welcome to continue to discuss that, although the parties' discussions so far have not been terribly fruitful.

I have one other issue that I wanted to raise with you, which was do any changes in the Department of Justice's position with respect to crypto have any effect on this case?

MR. MUKASEY: That's a $100 million question or maybe billion dollar question, I'm not sure.

We are analyzing that memo that came out. We have contacted the government, both in New York and in Washington, and have sought to open a dialogue about that very question. I understand that Washington is going to consider that and how

Case 1:23-cr-00347-JGK    Document 133    Filed 04/16/25    Page 17 of 18    17
P4A5masC

1    they think it may affect this case.  And, just before we walked
2    in to court, I believe Mr. Hobson invited us to open that
3    dialogue with the Southern District.
4             So, we share your Honor's interest and we are going to
5    follow-up on that quickly.
6             THE COURT:  Would the government like to tell me
7    anything?
8             MS. NICHOLS:  Yes, your Honor.
9             There was a memo dated April the 7th, which was Monday
10   of this week, titled:  "Ending Regulation by Prosecution and
11   Establishing Priorities for Prosecutions Involving Digital
12   Assets."  Yesterday Mr. Mukasey asked us if we believed that it
13   affects this case and we said that we did not.  We have invited
14   him to present any view as to why he thinks it does, and I
15   think that would be, in the first instance, certainly through
16   the Southern District of New York.  That is, our instruction
17   from D.C.  So, I can't really speak to why he thinks it might
18   because he hasn't said that so I don't know what that advocacy
19   will be, but our instructions are that if he would like to
20   present any reasons why he thinks that this policy should
21   affect him, we will hear him on that.  It does not provide any
22   information about charged cases or cases in which someone has
23   already pled guilty and it is, as I can understand from reading
24   the four corners of the document, something that is
25   forward-looking.  And, even aside from that posture point I

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  think, on substance, it is not apparent to us that what is
2  described as a priority versus what should not be done in the
3  future has any bearing on this case here.
4          THE COURT:  OK.  There are, among other things, among
5  other people involved the scheduling of victims who shouldn't
6  be treated without respect and notice so schedules are
7  important and credibility is also important, so that if there
8  came a time when the government's position changed or was
9  changing, I expect that it would be brought to the attention of
10 the Court because there are consequences for, among others, the
11 victims who would otherwise be coming in.  All I can do is to
12 move along on the most reasonable and expeditious schedule.
13 So, you take my point.
14         All right.  Anything else for me today?
15         MS. NICHOLS:  No.  Thank you, your Honor.
16         MR. MUKASEY:  No, Judge.  Thank you.
17         THE COURT:  OK.
18                             o0o