

570 Lexington Avenue, Suite 3500
New York, NY 10022

Michael F. Westfal
Counsel
212-466-6404
Michael.westfal@mukaseylaw.com

May 6, 2025

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Mashinsky*, 23 Cr. 347 (JGK)

Dear Judge Koeltl:

    This letter is respectfully submitted on behalf of defendant Alexander Mashinsky in advance of his May 8th sentencing. Set forth below is some additional information for the Court's consideration.

    In our initial sentencing submission, we stated that "Alex used his own money to replace Celsius's prior legal counsel with Kirkland & Ellis, the firm that has successfully shepherded the company through bankruptcy." ECF No. 136 at 36. The government responded that "Kirkland is also not aware of any truth to the suggestion that Mashinsky personally paid any of its fees, Def. Mem. Ex. B 36, and believes that would be very unusual." ECF No. 144 at 86 n.24. The defense did not intend to suggest that Alex paid any of Kirkland's legal fees.

    By way of background, after Celsius paused customer withdrawals on June 12, 2022, the company appointed two independent directors. These independent directors were appointed on June 18, 2022 and June 21, 2022, respectively. We understand that the directors wished to conduct what would have amounted to a liquidation of Celsius's assets and the return of U.S. dollars to customers. Alex did not believe this coincided with the interests of Celsius customers. He believed customers wanted their coins back. Accordingly, Alex paid for his own personal counsel to research, draft, and deliver the various corporate governance notices, consents, and board resolutions that were needed for Alex, as majority shareholder, to replace those independent directors and avoid liquidation. After those directors resigned, two new

The Hon. John G. Koeltl, U.S.D.J.
May 6, 2025
Page 2

independent directors were appointed and Celsius retained Kirkland & Ellis to replace prior counsel.[1]

  Alex believed this drastic action was needed to carry out the preferences of customers and to maximize recovery.  He was right.  For example, the price of Bitcoin more than doubled in the time between the company's bankruptcy filing (approximately $20,000 per BTC) and the initial distributions to customers that began in or around February 2024 (based on a valuation of approximately $43,000 per BTC).  The defense understands that approximately half of Celsius's crypto distributions were denominated in Bitcoin.  Since the distributions were made, the price of Bitcoin has more than doubled again to its current value of approximately $95,000 per BTC.  To be clear, the distribution values cited in the defense's sentencing submission (ECF No. 136 at 37) do not account for the price of Bitcoin—and therefore the value of Celsius's Bitcoin distributions to customers—more than doubling to its current price of approximately $95,000.  *See In re: Celsius Network LLC,* Case No. 22-10964-mg, ECF No. 8068 at 5 n.1 (Bankr. S.D.N.Y. March 31, 2025).  The defense submits that Alex's actions in the weeks after the pause reflect his desire to maximize customer recovery, which otherwise would have been substantially limited by a fire sale liquidation in July 2022.

  We can provide the billings records, proof of payment, or any other materials the Court wishes to review on this point.

             Respectfully submitted,

              /s/ Michael F. Westfal
             Marc L. Mukasey
             Torrey K. Young
             Michael F. Westfal

             *Counsel for Alexander Mashinsky*

cc: All counsel of record (via ECF)

---

[1] We have reviewed billing records from Alex's personal counsel which indicate that between June 23 and June 29, 2022, Alex's lawyers provided approximately $200,000 worth of legal services in order to carry out his instructions.  Alex's bank records reflect that he paid for those services with his personal funds.