
**DECHERT**

APPLICATION GRANTED
SO ORDERED

_(signature)_ 4/24/26

John G. Koeltl, U.S.D.J.

April 23, 2026

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
_Partner_

Jeffrey.Brown@dechert.com
+1 212 698 3511  Direct
+1 212 698 0678  Fax

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:        _United States v. Roni Cohen-Pavon_, 1:23-cr-00347-JGK

Dear Judge Koeltl:

We write on behalf of Defendant Roni Cohen-Pavon to request the Court's permission to redact certain sensitive personal information from Mr. Cohen-Pavon's forthcoming sentencing submission. Specifically, Mr. Cohen-Pavon seeks leave to redact the names of certain third parties furnishing letters in his support. Undersigned counsel has been informed that the Government does not object to this request.

When deciding a motion to seal, the Second Circuit recognizes that the right of public access to judicial documents is not absolute. Rather, "the task of the courts is to weigh the interests advanced by the parties in light of the public interest and the duty of the courts." _United States v. Amodeo_ ("_Amodeo I_"), 44 F.3d 141, 146 (2d Cir. 1995) (internal quotation marks and citations omitted). In particular, the Court must balance the right of public access to judicial documents against the privacy interest of the party resisting disclosure. _See Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119-20 (2d Cir. 2006). In balancing these competing interests, it is proper for courts to redact a document to allow access to appropriate portions of the document. _Amodeo I_, 44 F.3d at 147.

When evaluating the privacy considerations of un-involved third parties, specifically in the context of sentencing submissions, courts in this district have found that "'the privacy interests of innocent third parties should weigh heavily'" against disclosure "'in a court's balancing equation.'" _United States v. Gatto_, 2019 WL 4194569, at *6 (S.D.N.Y. Sept. 3, 2019) (quoting _United States v. Amodeo_, 71 F.3d 1044, 1050 (2d Cir. 1995) ("_Amodeo II_"). Further, the Second Circuit recognizes that limited redactions of names may be sufficiently narrow so as not to substantially infringe upon the public's access rights when competing privacy interests prevail. _See_ Matter _of New York Times Co._, 828 F.2d 110, 116 (2d Cir. 1987) (determining that "[t]o protect whatever privacy interests may be prejudiced by disclosure of the motion papers, redaction of names…or other appropriate measures, as opposed to the wholesale sealing of the papers, might be appropriate.").



**DECHERT**

April 23, 2026
Page 2

This case has received considerable public attention and media scrutiny throughout its pendency. Mr. Cohen-Pavon requests narrow redactions of the names of third parties submitting letters on his behalf, in order to protect the recognized privacy interests of those individuals. Such redactions will not meaningfully deprive the public of access to these proceedings.

We thank the Court for considering this request.

Respectfully submitted,

*/s/ Jeffrey A. Brown*

Jeffrey A. Brown

Cc: All counsel of record (via ECF)